Dear Chief Brown:
Your questions concern your authority as Chief of Police of the City of Port Allen relating to the filling of the position of Assistant Chief of Police.
In response to your first question, from the facts as you relate them, we can ascertain no "improper abolishment" of the position of Assistant Chief of Police by the City of Port Allen Board of Aldermen. As you know, the Board of Aldermen are empowered by R.S. 33:362 to "provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees." It is presumed that the Board acts with an awareness of the structure of the police department and the positions eliminated and created reflected in the ordinance adopted.
In response to your second question, we find no requirement in the law compelling the board to advertise the position of assistant chief as vacant prior to filling the position. In fact, such a requirement would be in contravention to the provisions of R.S.33:423, stating:
 § 423. Duties of marshal
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotions of officers, to effect, disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
 B. The provisions of Subsection A of this Section shall not be construed to limit or restrict the provisions of R.S. 33:423.3. (Emphasis added).
As we stated to you in Attorney General Opinion 01-07, the board "may [not] proceed to hire outside your recommendation". The board of aldermen must fill the position of assistant chief of police from those individuals who are recommended by you. The additional requirement of advertisement for applicants who are not recommended by you is not authorized by law.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams